IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:21-CV-506-GCM-DCK

| | |
|---|---|
| HONEYWELL INTERNATIONAL INC., HAND HELD PRODUCTS, INC., and METROLOGIC INSTRUMENTS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> OPTO ELECTRONICS CO., LTD., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on "Defendant's Motion For Reimbursement Of Expenses . . . And For Protective Order" (Document No. 48) filed October 11, 2022; Plaintiff "Honeywell's Motion To Compel" (Document No. 49) filed October 12, 2022; Plaintiff "Honeywell's Request For Second Discovery Conference" (Document No. 53) filed October 14, 2022; "Defendant's Request For Second Discovery Conference" (Document No. 54) filed October 19, 2022; and "Defendant's Motion For Extension Of Expert Discovery Deadlines" (Document No. 60) filed November 1, 2022.

These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motions and the record, and following consultation with the Honorable Graham C. Mullen's chambers, the undersigned will <u>grant</u> the motions in part and <u>deny</u> the motions in part.

On November 7, 2022, Judge Mullen referred this matter to the undersigned for assistance resolving pending discovery disputes. The undersigned is honored to be asked, and intends to set

forth a plan with this Order that will lead to the eventual resolution of these disputes by the parties with the help of counsel, and, if necessary, the Court.

The undersigned first notes that Judge Mullen held a telephone discovery conference on September 20, 2022, pursuant to the parties' requests. See (Document Nos. 46 and 47). Soon thereafter, both sides filed discovery-related motions, apparently raising new issues without first seeking another conference with the Court. See (Document Nos. 48 and 49). The Pretrial Order and Case Management plan is clear that "**[p]rior** to the filing of any substantive discovery motions, the movant **must** request a conference with the Court."[1] (Document No. 40, p. 4) (emphasis added). The undersigned will deny these motions without prejudice. The parties may re-raise the issues therein at a later date if necessary.

Each side then filed a motion for a discovery conference that seems to raise issues not addressed in the earlier conference or in the premature discovery motions. See (Document Nos. 53 and 54). The undersigned will grant these motions with modification. The undersigned will hold a conference, if necessary, but will first require counsel to make an additional attempt to resolve, or at least narrow the issues. To that end, the counsel for each side shall confer, *in person*, on or before **January 6, 2023**, to identify, discuss, and make a good faith effort to resolve *all* pending discovery disputes.

Both sides have capable and experienced counsel who should be able to at least narrow the issues and work more collaboratively to conduct the discovery that is necessary to bring this case to a point where it can be resolved on the merits. In particular, the undersigned observes that each side includes counsel who are very familiar with the expectations of this Court and the judicial officers assigned to this case. As such, the undersigned respectfully encourages the parties to

---

[1] The "Pretrial Order…" also states that "[f]ailure to comply with any of the provisions of this Order which causes delay or expense to the Court may result in the imposition of sanctions." (Document No. 40, p. 8).

include Mr. Springer and Mr. McCamey in the in-person conference, any hearing before the Court, and any other discussion of pending discovery disputes and/or the Rules and expectations of this Court. The Court is optimistic that these attorneys can help convey to the parties and co-counsel the level of professionalism expected in this district, and, perhaps, the limits of the Court's patience.

In addition, the undersigned respectfully reminds counsel of the familiar standard the Court applies to discovery disputes:

> Parties may obtain discovery regarding any nonprivileged matter that is **relevant** to any party's claim or defense and **proportional** to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of **discovery need not be admissible in evidence to be discoverable**.

Fed.R.Civ.P. 26(b)(1). (Emphasis added). **The rules of discovery are to be accorded broad and liberal construction**. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). (Emphasis added).

Finally, there is a pending "Defendant's Motion For Extension Of Expert Discovery Deadlines" (Document No. 60). This motion will also be granted with modification – the undersigned finds that the deadlines in this case should be stayed until the pending discovery disputes are settled. If needed, the parties will be allowed additional time to complete discovery.

**IT IS, THEREFORE, ORDERED** that "Defendant's Motion For Reimbursement Of Expenses . . . And For Protective Order" (Document No. 48) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff "Honeywell's Motion To Compel" (Document No. 49) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff "Honeywell's Request For Second Discovery Conference" (Document No. 53) and "Defendant's Request For Second Discovery Conference" (Document No. 54) are **GRANTED with modification** as follows:

(1) counsel for the parties shall conduct an *in-person* conference regarding *all* discovery disputes, as directed herein, on or before **January 6, 2023**;

(2) Mr. Springer and Mr. McCamey should attend that conference;

(3) out-of-state attorneys may attend via Zoom or Teams;

(4) the parties shall file a Joint Status Report on or before **January 13, 2023**, identifying any remaining discovery disputes and setting forth Plaintiffs' position and Defendant's position on any remaining issue(s);

(5) the undersigned will hold a Status Hearing / Discovery Conference in Courtroom 1A of the Charles R. Jonas Federal Building on **January 24, 2023**.

**IT IS FURTHER ORDERED** that "Defendant's Motion For Extension Of Expert Discovery Deadlines" (Document No. 60) is **GRANTED with modification**. The case deadlines are **STAYED** until otherwise ordered by the Court.

**SO ORDERED**.

Signed: December 16, 2022

David C. Keesler
United States Magistrate Judge