IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:21-CV-506-GCM-DCK

| | |
|---|---|
| HONEYWELL INTERNATIONAL INC., HAND HELD PRODUCTS, INC., and METROLOGIC INSTRUMENTS, INC.., <br><br> Plaintiffs, <br><br> v. <br><br> OPTO ELECTRONICS CO., LTD., <br><br> Defendant. | ) ) ) ) ) ) ) **ORDER** ) ) ) ) ) ) |

**THIS MATTER IS BEFORE THE COURT** *sua sponte* regarding the parties' "Joint Status Report" (Document No. 111) filed January 13, 2023. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate.

As an initial matter, the undersigned notes that the Court directed counsel for each side to confer and "to identify, discuss, and make a good faith effort to resolve *all* pending discovery disputes." (Document No. 93, p. 2). Based on the parties' recent submission, it appears that counsel resolved, or narrowed, two (2) out of approximately seventeen (17) disputes. See (Document No. 111). This is not the kind of progress the Court was hoping to see.

In addition, it appears counsel misunderstood the Court's expectation for the Joint Status Report. In pertinent part the Court's previous Order stated:

> the parties shall file a Joint Status Report on or before **January 13, 2023**, identifying any remaining discovery disputes and setting forth Plaintiffs' position and Defendant's position on any remaining issue(s)

(Document No. 93, p. 4). The Court will attempt to clarify the information sought.

When the undersigned directed the parties to "identify" any remaining issues, it was hoped that the parties would provide a 1-2 sentence description of each remaining discovery dispute. For example, the parties might have considered something like: Plaintiff Honeywell seeks the deposition of Defendant OPTO's employee John Doe regarding X, Y, and Z.

Then, following the brief description, each side should have set forth their position by providing a statement of why, or why not, a certain deposition should be held and/or discovery produced. The undersigned was seeking clear and concise explanations from each side on each issue. The Court was *not* looking for a vague heading followed by citations to documents and ranges of pages in the record.[1]

The undersigned understands this will require some work from counsel, which is one reason the parties were allowed almost a month to narrow the issues and to prepare the statements on their positions. Counsel's ability to focus their best points and arguments should greatly assist the Court in helping to resolve the remaining disputes. That was entirely the point of the Court's Order.

Under these circumstances, the undersigned will order the parties to file a revised Status Report addressing any remaining discovery disputes as described herein. Each side shall limit their position statement on any one (1) issue, to **one (1) page or less**. Counsel may add specific and accurate citations, if necessary, but the Court is going to rely on clear, concise, summaries from each side regarding each dispute.

Of course, counsel are encouraged to renew their efforts to resolve these disputes and avoid further delay and expense.

---

[1] It appears that at least one citation is inaccurate. See (Document No. 111, pp. 3-4) (citing Document No. 51).

**IT IS, THEREFORE, ORDERED** that the parties shall file a revised Joint Status Report, as directed herein, on or before **January 30, 2023**.

**IT IS FURTHER ORDERED** that the Status Hearing / Discovery Conference scheduled for **January 24, 2023**, is **CANCELLED**. The Status Hearing / Discovery Conference is rescheduled for **February 15, 2023**.

**SO ORDERED**.

Signed: January 19, 2023

David C. Keesler
United States Magistrate Judge