# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

| | |
|---|---|
| HONEYWELL INTERNATIONAL INC., HAND HELD PRODUCTS, INC., and METROLOGIC INSTRUMENTS, INC., *Plaintiffs*, v. OPTO ELECTRONICS CO., LTD., *Defendant and Counterclaim Plaintiff*, v. HONEYWELL INTERNATIONAL INC., HAND HELD PRODUCTS, INC., and METROLOGIC INSTRUMENTS, INC., *Counterclaim Defendants*. | **MEMORANDUM IN SUPPORT OF HONEYWELL'S CONSENT MOTION TO FILE UNDER SEAL** Case No. 3:21-cv-00506 |

Plaintiffs Honeywell International Inc., Hand Held Products, Inc., and Metrologic Instruments, Inc. ("Honeywell") move the Court under Federal Rule of Civil Procedure 5.2(d) and Local Rule 6.1 to enter an order allowing Honeywell to file an unredacted copy of its Memorandum in Support of its Motion for Partial Summary Judgment Rejecting OPTO's Patent Misuse Affirmative Defense and Counterclaim and corresponding exhibits under seal.[1]

---

[1] Honeywell conferred with OPTO regarding the relief sought in this Motion on March 28, 2023. OPTO has requested that Honeywell file the confidential materials under seal, which Honeywell has agreed to do.

## BACKGROUND

This lawsuit relates to the breach of the License and Settlement Agreement (the "Agreement") entered into by Honeywell and OPTO Electronics Co., Ltd. ("OPTO"). Both parties have designated the Agreement as CONFIDENTIAL under the Protective Order (Dkt. 45).

## ARGUMENT

Under Local Civil Rule 6.1, any party wishing to seal documents may file a motion setting forth the following: "(1) [a] non-confidential description of the material sought to be sealed; (2) [a] statement indicating why sealing is necessary and why there are no alternatives to filing under seal; (3) [u]nless permanent sealing is sought, a statement indicating how long the party seeks to have the material maintained under seal and how the matter is to be handled upon unsealing; and (4) [s]upporting statutes, case law, or other authority."

Under the Fourth Circuit's decision in *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000), before entering an order to seal, a district court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Id.*

Public notice of this motion to seal satisfies the first *Ashcraft* requirement. Local Rule 6.1(e) ("Notice is deemed reasonable where a motion is filed in accordance with LCvR 6.1(c).").

The second requirement is also satisfied because a redacted version of Honeywell's Memorandum in Support of its Motion for Partial Summary Judgment Rejecting OPTO's Patent Misuse Affirmative Defense and Counterclaim will be filed publicly.

Finally, the third *Ashcraft* element is satisfied because public disclosures of the Agreement and its amendments, the parties' sensitive communications, and OPTO's discovery responses (all

designated as confidential under the Protective Order) would cause harm to the parties should the information be publicly disclosed. Indeed, this Court has previously granted motions to seal regarding the Agreement. *See, e.g.,* Dkt. Nos. 15, 22, and 92. Beyond that, courts regularly seal "business information that might harm a litigant's competitive standing." *See, e.g.*, *Bayer Cropscience, Inc. v. Syngenta Crop Prot., LLC*, 979 F. Supp. 2d 653, 655 (M.D.N.C. 2013) (granting sealing motions "in large part" where the motions were "primarily directed towards keeping confidential certain marketing, sales, and licensing information which is not ordinarily public"); *360 Mortg. Grp., LLC v. Stonegate Mortg. Corp.*, No. 5:14-CV-00310-F, 2016 WL 4939308, at *1 (E.D.N.C. Sept. 14, 2016) ("the need to keep proprietary business information confidential is often a sufficiently compelling justification for sealing judicial documents").

The Court should grant Honeywell's consent motion for sealing.

Submitted March 28, 2023.

/s/ *S. Benjamin Pleune*
S. Benjamin Pleune (NC Bar No. 28748)
M. Scott Stevens (NC Bar No. 37828)
Mark T. Calloway (NC Bar No. 10822)
Michael R. Hoernlein (NC Bar No. 40419)
Stephen R. Lareau (NC Bar No. 42992)
Brandon Springer (NC Bar No. 54523)
Lauren N. Griffin (NC Bar No. 54766)
**ALSTON & BIRD LLP**
101 S. Tryon Street, Suite 4000
Charlotte, NC 28280
Telephone: (704) 444-1000
Facsimile: (704) 444-1935

*Counsel for Plaintiffs and Counterclaim Defendants*
*Honeywell International Inc.,*
*Hand Held Products, Inc., and*
*Metrologic Instruments, Inc.*

## CERTIFICATE OF SERVICE

I certify that on March 28, 2023, I filed and served a copy of this Memorandum using the

CM/ECF system on all counsel of record.

/s/ *S. Benjamin Pleune*
S. Benjamin Pleune
N.C. Bar No. 28748
ALSTON & BIRD LLP
Bank of America Plaza, Suite 4000
101 South Tryon Street
Charlotte, NC 28280
Tel: (704) 444-1000
Fax: (704) 444-1111
ben.pleune@alston.com

*Counsel for Plaintiffs and Counterclaim Defendants*
*Honeywell International Inc.,*
*Hand Held Products, Inc., and*
*Metrologic Instruments, Inc.*