IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| HONEYWELL INTERNATIONAL INC., HAND HELD PRODUCTS, INC., and METROLOGIC INSTRUMENTS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> OPTO ELECTRONICS CO., LTD., <br><br> Defendant. | Case No. 3:21-cv-00506 <br><br> JURY TRIAL DEMANDED |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT REGARDING PLAINTIFFS' PATENT MISUSE**

## TABLE OF CONTENTS

                                                 **Page**

TABLE OF AUTHORITIES ............................................................................................................ ii
I.     INTRODUCTION .................................................................................................. 1
II.    STATEMENT OF UNDISPUTED FACTS ........................................................... 2
III.   LEGAL STANDARD ............................................................................................. 5
IV.   ARGUMENT .......................................................................................................... 6
V.    CONCLUSION ..................................................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. Liberty Lobby, Inc.*
   477 U.S. 242 (1986)...........................................................................................................5

*Brulotte v. Thys Co.*
   379 U.S. 29 (1964)...................................................................................................7, 9, 10

*Catlin Specialty Ins. Co. v. Stanley Recreation Club, Inc.*
   No. 316CV00617RJCDCK, 2018 WL 1594683 (W.D.N.C. Apr. 1, 2018)
   (Conrad, J.)......................................................................................................................5

*Celotex Corp. v. Catrett*
   477 U.S. 317 (1986)...........................................................................................................5

*Kimble v. Marvel Ent., LLC*
   576 U.S. 446 (2015)..............................................................................................2, 7, 9, 10

*News Observer Pub. Co. v. Raleigh-Durham Airport Auth.*
   597 F.3d 570 (4th Cir. 2010) ............................................................................................5

*Zenith Radio Corp. v. Hazeltine Res., Inc.*
   395 U.S. 100 (1969)...........................................................................................................9

**Statutes**

35 U.S.C. § 154(a)(2)..............................................................................................................5, 8

**Other Authorities**

Fed. R. Civ. P. 26(a) ..................................................................................................................9

Fed. R. Civ. P. 37......................................................................................................................9

Fed. R. Civ. P. 56(a) ..............................................................................................................1, 5

Defendant OPTO Electronics Co., LTD. ("OPTO"), pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, submits this Memorandum in Support of its Motion for Summary Judgment Regarding Plaintiffs' Patent Misuse. OPTO respectfully requests summary judgment that Plaintiffs' (collectively "Honeywell's") demand that OPTO pay patent royalties on OPTO's laser scanning products that decode stacked code barcode symbologies is *per se* patent misuse. OPTO further seeks an order dismissing Honeywell's Complaint in this case and declaring the royalty collection provisions of the Settlement and License Agreement ("the Agreement") unenforceable.

## I.     INTRODUCTION

Honeywell did not invent and does not own unexpired patents directed to the PDF417, MicroPDF417, composite codes, and GS1 stacked code barcode symbologies ("stacked symbologies"). While Honeywell previously owned a handful of patents that did cover that technology, those patents have all expired—and thus the technology has been dedicated to the public. As such, Honeywell has no legal right to exclude OPTO (or anyone else) from using stacked symbologies. However, the sole basis for Honeywell's demand for royalties on OPTO's laser scanning products in this case is the presence in certain OPTO products of the capability to decode stacked symbologies. Without that functionality, Honeywell admits that no patent royalties are owed.

The Supreme Court has made clear that conduct such as Honeywell's in the present case is *per se* patent misuse. When, as here, a patentee attempts to extract royalties for functionality that is not covered by a patent (that has not expired), the patentee's conduct is unlawful *per se*. Honeywell attempts to save itself by identifying a single U.S. patent that it claims covers certain functions in OPTO's laser scanning products. But even a cursory review of that patent

1

demonstrates that its claimed functions are unrelated to decoding stacked symbologies. Moreover, the patent identified by Honeywell expired a day before the filing of this Motion—and the Settlement Agreement extends for another nine years. Similarly, there are no foreign equivalents to the single patent relied on by Honeywell, even though Honeywell claims that OPTO must pay royalties on sales in Europe and Japan.

As succinctly stated by the Supreme Court in controlling precedent, the test for *per se* patent misuse "is simplicity itself to apply. A court need only ask whether a licensing agreement provides royalties for post-expiration use of a patent. If not, no problem; if so, no dice." *Kimble v. Marvel Ent., LLC*, 576 U.S. 446, 459 (2015). Because Honeywell is seeking royalty payments for patents that have all expired, Honeywell is not entitled to any royalties from OPTO (*i.e.*, "no dice") and summary judgement is appropriate.

## II.    STATEMENT OF UNDISPUTED FACTS

1. On January 22, 2020, the parties signed the Agreement, settling ongoing litigation before the U.S. International Trade Commission and the U.S. District Court for the District of Delaware where Honeywell alleged that OPTO's barcode scanning products infringed certain of Honeywell's patents. Dkt. 163-2, at Background.

2. The Agreement divides OPTO's barcode scanning products into two categories. The first category is defined as "2D Barcode Products" in Section 1.4 of the Agreement, and the second is defined as "1D Barcode Products" in Section 1.5 of the Agreement. *See id.* at §§ 1.4 & 1.5

3. The aforementioned 2D Barcode Products are defined as "Licensed Products" in Section 1.8 of the Agreement. *Id.* at § 1.8.

4.      ████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████

5.      As Licensed Products, 2D Barcode Products are "Royalty Bearing Products" under Section 1.14 of the Agreement. *Id.* at § 1.14.

6.      ████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

7.      ████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

███████████████████████████████

8.      As opposed to 2D Barcode Products, 1D Barcode Products are not Licensed Products under Section 1.8 of the Agreement. Dkt. 163-2, at § 1.8.

9.      Rather, under Section 2.4 of the Agreement, ██████████████

████████████████████████████████████████████████████████████████

███████

10.     Moreover, 1D Barcode Products are not Royalty Bearing Products under Section 1.14 of the Agreement. *Id.* at § 1.14.

11.     In its Reply in Support of Motion for Partial Summary Judgment, Honeywell expressly identified the remedy that it seeks in this litigation with respect to OPTO's barcode scanning products. Dkt. 144 at pp. 8-9.

12.     According to Honeywell, it "is only seeking payment for one category of product—products that decode two-dimensional barcode symbologies. If OPTO's '2D imaging products,' 'laser scanning products,' or '1D image sensor products' do not decode a two-dimensional barcode

3

symbology, Honeywell does seek payment because those products are ███████ ████.' *Id.*

13. According to Honeywell, "[a]t the time of the Agreement, a subset of OPTO's

"██████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████ *Id.* at 8 (citations omitted).

14. Honeywell asserts that OPTO owes royalties on sales of its laser scanning products (which, for purposes of this Motion, includes OPTO's 1D image sensor products) because those products are operable to decode PDF417, MicroPDF417, composite code, and GS1 stacked code barcode symbologies. *See, e.g.*, Dkt. 118 at p. 4.

15. Honeywell did not invent and does not own unexpired patents covering PDF417, MicroPDF417, composite code, and GS1 stacked code barcode symbologies. While Honeywell owned U.S. Patent Nos. 7,007,849; 7,325,740; and 8,226,009, which each claimed laser scanning and decoding of stacked symbologies, each of those three patents is expired. The first two patents expired by the expiration of their terms, and Honeywell abandoned the third by failing to pay its maintenance fee. The subject matter claimed by those patents is therefore dedicated to the public.

16. ████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████

4

████████████████████████████████████

████████████

17. However, the '783 patent does not claim PDF417, MicroPDF417, composite code, and GS1 stacked code barcode symbologies, and further does not claim methods of decoding those symbologies. Indeed, infringement of the claims of the '783 patent does not depend on the type of decoded barcode symbology. *See generally* Ex. 2, '783 Patent.

18. Moreover, the '783 patent expired on March 28, 2023—one day before the filing of this Motion and approximately nine years before termination of the Agreement. S*ee id.* (noting a priority date of March 28, 2003); *see also* 35 U.S.C. § 154(a)(2) (patents rights end 20 years after the priority date of a patent).

19. Honeywell did not apply for and does not own any foreign counterpart patents to the '783 patent in Europe or Japan.

### III. LEGAL STANDARD

Summary judgment is appropriate if the movant shows there is no genuine dispute of material fact. Lack of a dispute entitles the movant to judgment as a matter of law. Fed. R. Civ. P. 56(a). A fact is "material" when it could impact the case's outcome. *News Observer Pub. Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010). A genuine dispute of material fact exists when there is evidence "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "The burden on the moving party may be discharged by 'showing' ... an absence of evidence to support the nonmoving party's case." *Catlin Specialty Ins. Co. v. Stanley Recreation Club, Inc.*, No. 316CV00617RJCDCK, 2018 WL 1594683, at *2 (W.D.N.C. Apr. 1, 2018) (Conrad, J.) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

## IV. ARGUMENT

It is undisputed that Honeywell did not invent and does not own unexpired patents with claims directed to the PDF417, MicroPDF417, composite codes, and GS1 stacked symbologies. Honeywell thus has no right to exclude anyone (including OPTO) from using those stacked symbologies. It is likewise undisputed that although Honeywell owned U.S. Patent Nos. 7,007,849; 7,325,740; and 8,226,009, which each claimed laser scanning and decoding of stacked symbologies, those patents have all expired.

It is further undisputed that the sole basis for Honeywell's demand for royalties on OPTO's laser scanning products is the operability to decode stacked symbologies. According to Honeywell, ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. *See id.* ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. In other words, the patents that would otherwise be infringed by OPTO's laser scanning products are not royalty-bearing, licensed patents under the Agreement. They are instead patents to which Honeywell gave OPTO a royalty-free covenant not to sue. Honeywell thus cannot use those patents as a basis for demanding patent royalty payments in this case.

6

Honeywell tries to distract from this fact by arguing that because it has patents that cover ***other aspects*** of OPTO's laser scanning products, there can be no patent misuse. █████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

█████. Yet this argument is a red herring, as Honeywell admits above that only the presence of the ability to decode stacked symbologies results in a royalty being owed. Otherwise, as Honeywell admits, no royalty is owed. Therefore, the fact that Honeywell may have patents that cover other aspects of OPTO's products is irrelevant, as Honeywell does not have any patents that cover the lone functionality at issue in this case.

The only things that change in an OPTO product with the stacked symbology decoding function turned "on" are functions that, at some time in the past, may have been covered by Honeywell's ***now-expired*** laser scanning patents with claims covering stacked symbology decoding. Those previously patented functions, however, are now dedicated to the public, and Honeywell's demand for patent royalties on OPTO laser scanning products that use those functions, ***which is the sole basis for Honeywell's demand***, is *per se* patent misuse under long-standing Supreme Court precedent. *See Brulotte v. Thys Co.*, 379 U.S. 29, 32 (1964)

According to that precedent, "a patentee's use of a royalty agreement that projects beyond the expiration date of the patent is unlawful *per se*." *Id.* at 32. The Supreme Court recently reaffirmed the long-standing rule announced in *Brulotte* and observed that *Brulotte* "is simplicity itself to apply. A court need only ask whether a licensing agreement provides royalties for post-expiration use of a patent. If not, no problem; if so, no dice." *Kimble v. Marvel Ent., LLC*, 576 U.S.

446, 459 (2015). Under Honeywell's reading of the Agreement and assertions in this case, OPTO's laser scanning products are royalty-bearing *only* because they decode stacked symbologies—functions covered by expired Honeywell patents.

[REDACTED]

The '783 patent claimed methods of programming barcode reader functions through user inputs. The '783 patent did not claim methods of decoding stacked symbologies. The '783 patent therefore claims functions that may have covered OPTO's products *but for the Agreement's covenant not to sue*. [REDACTED]

The '783 patent therefore provides no patent basis for Honeywell's royalty demands on laser scanner decoding of stacked symbologies either in the United States or elsewhere. Moreover, the '783 patent *expired* on March 28, 2023—one day before the filing of this Motion and approximately nine years before termination of the Agreement. *See* Ex. 2, '783 Patent (noting a priority date of March 28, 2003); *see also* 35 U.S.C. § 154(a)(2) (patents rights end 20 years after the priority date of the patent).

████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████, there is still *per se* patent misuse. The only reason for using the '783 patent as justification for a royalty in that scenario is the product's operability to decode stacked symbology, which is not a function claimed by the '783 patent. In such a situation, Honeywell "seeks to extend the monopoly of [the '783] patent to derive a benefit not attributable to use of the patent's teachings," which is *per se* patent misuse. *Zenith Radio Corp. v. Hazeltine Res., Inc.*, 395 U.S. 100, 134 (1969).

████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
██████████████████████████████. Notably, laser scanning and decoding of stacked symbologies is first-generation technology. The pioneering patents in that (now aged) technology are in the process of expiring. As the Supreme Court emphasized in *Kimble*, "when the patent expires, the patentee's prerogatives expire too, and the right to make or use the article, free from all restriction, passes to the public." *Kimble*, 576 U.S. at 451. Moreover, contracts that require payment of royalties after a patent's expiration are "unlawful *per se*" because "those agreements conflict with patent law's policy of establishing a 'post-expiration' . . . public domain' in which every person can make free use of a formerly patented product." *Id.* at 451-52 (quoting *Brulotte*, 379 U.S. at 176).

---

1 ████████████████████████████████████████████████████████████
████████. *See* Fed. R. Civ. P. 37 ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion . . .").

9

The Supreme Court declined the invitation in *Kimble* to require an application of "antitrust law's rule of reason to identify and invalidate those post-expiration royalty clauses with anti-competitive consequences." *Id*. at 459.[2] Instead, the Court explained that "it applie[s] a categorical principle that all patents, and all benefits from them, must end when their terms expire." *Id*. at 463. Accordingly, "post-patent royalty contracts are unenforceable—utterly 'regardless of a demonstrable effect on competition.'" *Id*. (quoting 1 Hovenkamp § 3.2d, at 3-10). Unlike other forms of patent misuse, therefore, OPTO need not demonstrate that Honeywell's royalty demands on laser scanning products that practice the claims of expired patents result in an adverse economic impact. Those demands are *per se* patent misuse regardless of their economic effect.

The remedy in situations such as this is to invalidate the contract's royalty provisions. *See id.* at 453 ("The *Brulotte* rule . . . make[s] contract provisions unenforceable"). Indeed, in *Kimble*, the Supreme Court affirmed the lower courts' rulings "that *Brulotte* made 'the royalty provision . . . unenforceable after the expiration of the Kimble patent.'" *Id*. at 450.

The appropriate remedy in the present action, therefore, is not invalidation of the parties' Agreement itself (or any patents belonging to Honeywell), but instead an order declaring that the Agreement's royalty provisions are unenforceable due to Honeywell's *per se* patent misuse. Honeywell's *per se* patent misuse arises from its asserted interpretation of the Agreement's patent royalty provisions as set forth more fully in Honeywell's brief in support of its Motion for Partial Summary Judgment. *See* Dkt. 118. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

---

[2] While OPTO served the expert report of Mr. Greg Adams that addresses the economic prong of OPTO's patent misuse counterclaim, OPTO did so out of an abundance of caution to account for a scenario where the Court determines that Honeywell's conduct does not constitute *per se* patent misuse. However, as described herein, Honeywell committed *per se* patent misuse, which does not require a showing of any anticompetitive effects.

████████████████. If the Court were to adopt that construction, then for the reasons stated here, the Agreement's royalty provisions are *per se* unenforceable. Conversely, under OPTO's interpretation of the Agreement, laser scanning products are not and cannot be 2D Barcode Products, and enforcement of the royalty provisions does not result in patent misuse. Because Honeywell is entitled to none of the relief sought in its Complaint because of its *per se* patent misuse, OPTO is entitled to summary judgment and an order dismissing the Complaint.

## V. CONCLUSION

OPTO respectfully requests summary judgment that Honeywell's demand that OPTO pay patent royalties on its laser scanning products and 1D imaging products capable of decoding stacked symbologies is *per se* patent misuse and an order dismissing Honeywell's Complaint and declaring the royalty collection provisions of the Settlement and License Agreement unenforceable.

Dated: March 29, 2023

Respectfully submitted,

**MCGUIREWOODS LLP**

*/s/ Robert A. Muckenfuss*
Robert Muckenfuss, NC State Bar #28218
Zachary L. McCamey, NC State Bar #53540
Jessica O'Brien, NC State Bar #56679
MCGUIREWOODS LLP
201 N. Tryon Street, Suite 3000
Charlotte, North Carolina 28202
Telephone: 704 343 2351 Facsimile: 704 444 8869
rmuckenfuss@mcguirewoods.com
zmccamey@mcguirewoods.com
jobrien@mcguirewoods.com

Tyler T. VanHoutan
MCGUIREWOODS LLP
Texas Tower, Ste 2400
845 Texas Avenue

Houston, TX 77002
Telephone: 832-214-9911
tvanhoutan@mcguirewoods.com

Christine E. Lehman
Connor S. Houghton
REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
1909 K St, NW, Suite 800
Washington, DC 20006
Telephone: 650-623-1401
clehman@reichmanjorgensen.com
choughton@reichmanjorgensen.com

York M. Faulkner
YORKMOODYFAULKNER
Tensho Bldg., 7F, Suite 711
3-17-11 Shibaura, Minato-ku
Tokyo, Japan 108-0023
Telephone: +1-202-251-0837
york.faulkner@ymf-law.com

*Attorneys for Defendant Opto Electronics Co., LTD.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2023, a copy of the foregoing was filed electronically with the Clerk of the Court for the Western District of North Carolina by using the CM/ECF system. Counsel for all parties in this case are registered CM/ECF users and will be served by the CM/ECF system.

*/s/ Robert A. Muckenfuss*
Robert A. Muckenfuss

13

Case 3:21-cv-00506-KDB-DCK   Document 170   Filed 03/29/23   Page 16 of 16