**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:21-CV-506-KDB-DCK**

| | |
|---|---|
| HONEYWELL INTERNATIONAL, INC., HAND HELD PRODUCTS, INC., and METROLOGIC INSTRUMENTS, INC., ) ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | **ORDER** |
| OPTO ELECTRONICS CO., LTD., ) ) | |
| Defendant. ) | |

**THIS MATTER IS BEFORE THE COURT** on "Honeywell's Consent Motion To File Under Seal" (Document No. 176) filed March 29, 2023. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will grant the motion.

A party who seeks to seal any pleading must comply with the Local Rules of this Court. Local Civil Rule ("LCvR") 6.1 provides in relevant part as follows:

> **LCvR. 6.1   SEALED FILINGS AND PUBLIC ACCESS.**
>
> **(a)**   *Scope of Rule*. To further openness in civil case proceedings, there is a presumption under applicable common law and the First Amendment that materials filed in this Court will be filed unsealed. This Rule governs any party's request to seal, or otherwise restrict public access to, any materials filed with the Court or used in connection with judicial decision- making. As used in this Rule, "materials" includes pleadings and documents of any nature and in any medium or format.
>
> **(b)**   *Filing under Seal*. No materials may be filed under seal except by Court order, pursuant to a statute, or in accordance with a previously entered Rule 26(e) protective order.

**(c)** ***Motion to Seal or Otherwise Restrict Public Access***. A party's request to file materials under seal must be made by formal motion, separate from the motion or other pleading sought to be sealed, pursuant to LCvR 7.1. Such motion must be filed electronically under the designation "Motion to Seal." The motion must set forth:

**(1)** A non-confidential description of the material sought to be sealed;
**(2)** A statement indicating why sealing is necessary and why there are no alternatives to filing under seal;
**(3)** Unless permanent sealing is sought, a statement indicating how long the party seeks to have the material maintained under seal and how the matter is to be handled upon unsealing; and
**(4)** Supporting statutes, case law, or other authority.

LCvR 6.1. It appears that the requirements of LCvR 6.1(c)(1) through (4) have been adequately met.

By the instant motion, Plaintiffs seek to seal their "Memorandum In Support Of Honeywell's Motion To Strike And Exclude The Expert Testimony Of Greg Adams" (Document No. 175) and Exhibits A and D attached thereto (Document Nos. 175-2, 175-3). (Document No. 176). Plaintiffs contend that these documents should be sealed because "public disclosures of Dr. Adam's report and OPTO's sales data would cause harm to the parties should the information be publicly disclosed." (Document No. 177, pp. 2-3).

Having considered the factors provided in LCvR 6.1(c), the Court will grant the motion to seal. Noting that the time for public response has not run to this motion, the Court will consider any objection to this Order from non-parties as an objection to the motion, requiring no additional burden for any non-party under the Federal Rules of Civil Procedure. See Local Rule 6.1(e).

**IT IS, THEREFORE, ORDERED** that "Honeywell's Consent Motion To File Under Seal" (Document No. 176) is **GRANTED**. Document Nos. 175, 175-2, and 175-3 shall remain

under **SEAL** until otherwise ordered by this Court.

**IT IS FURTHER ORDERED** that Plaintiffs shall file a publicly available, redacted version of their memorandum in support of their motion to strike on or before **April 4, 2023**.

**SO ORDERED**.

Signed: March 30, 2023

David C. Keesler
United States Magistrate Judge