| | |
|---|---|
| **From:** | Springer, Brandon |
| **To:** | Irving Brenner |
| **Cc:** | Stevens, Scott; Pleune, Ben; Lareau, Stephen; Marais, Nic; Hoernlein, Michael; Griffin, Lauren; Muckenfuss, Robert; VanHoutan, Tyler; Lehman, Christine; McCamey, Zach; O"Brien, Jessica L.; Connor Houghton; Faulkner, York |
| **Subject:** | Honeywell v OPTO - 3:21-cv-00506-KDB-DCK |
| **Date:** | Sunday, July 16, 2023 6:17:24 PM |

**CAUTION - EXTERNAL:**

Mr. Brenner,

OPTO's counterclaim for implied breach of the covenant of good faith and fair dealing requires a threshold showing that—as a matter of law—there is a gap in the terms of the agreement that needs to be filled. "When presented with an implied covenant claim, a court must first engage in the process of contract construction to determine whether there is a gap that needs to be filled." *Allen v. El Paso Pipeline GP Co.*, 113 A.3d 167, 183 (Del. Ch. 2014).

OPTO has not identified any specific gap in the agreement; thus, the Court is unable to make the threshold required to allow OPTO to present its breach claim to the jury. On the contrary, OPTO's implied breach claim simply attempts to undo the Court's summary-judgment order. As laid out in OPTO's trial brief, OPTO contends that "OPTO agreed to pay royalties ***only*** on its 2D imaging products." Dkt. 254 at 12. OPTO said the same thing in its answer and counterclaims: "In asserting its strained interpretation of the Agreement's 2D Barcode Products definition, Honeywell breached its implicit duty to perform and enforce the Agreement in good faith and to deal fairly with OPTO." Dkt. 31 ¶ 74.

The Court has already found the Agreement to be unambiguous with respect to the disputed provision—namely, § 1.4's definition of 2D Barcode Products—and the Court has already construed that provision in Honeywell's favor. Because "the language of the contract expressly covers a particular issue, . . . the implied covenant will not apply." *Allen*, 113 A.3d at 183. As a result, "[e]xisting contract terms control . . . such that implied good faith cannot be used to circumvent the parties' bargain, or to create a 'free-floating duty . . . unattached to the underlying legal document.'" *Dunlap v. State Farm Fire & Cas. Co.*, 878 A.2d 434 (Del. Ch. 2004).

OPTO has failed to timely identify a gap in the agreement for the Court to construe, so OPTO should not be permitted to present evidence supporting its counterclaim of implied breach of the covenant of good faith and fair dealing to the jury.

Thanks,

Brandon Springer
Senior Associate
**ALSTON & BIRD**
1120 South Tryon Street, Suite 300
Charlotte, NC 28203-6818
704-444-1007

Brandon.Springer@alston.com

NOTICE: This e-mail message and all attachments may contain legally privileged and confidential information intended solely for the use of the addressee. If you are not the intended recipient, you are hereby notified that you may not read, copy, distribute or otherwise use this message or its attachments. If

you have received this message in error, please notify the sender by email and delete all copies of the message immediately.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.