IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:21-CV-00506-KDB-DCK

| | |
|---|---|
| HONEYWELL INTERNATIONAL INC.; HAND HELD PRODUCTS, INC.; AND METROLOGIC INSTRUMENTS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> OPTO ELECTRONICS CO., LTD., <br><br> Defendant. | **ORDER** |

**THIS MATTER** is before the Court on Defendant's Motion to Continue the Patent Misuse Bench Trial and Reopen Discovery (Doc. No. 341) and, relatedly, reconsideration of the Court's Order on Defendant's Motion to Strike Honeywell's Second Amended Objections and Responses to Defendant's First Set of Interrogatories (Doc. Nos. 307, 330). Specifically, OPTO moves the Court to continue the bench trial adjudicating OPTO's patent misuse counterclaim, and to reopen fact and expert discovery relating to that claim, based on Plaintiffs' recent identification of seven new Honeywell patents that allegedly cover decoding of the barcode symbologies at issue in this action. Having carefully considered and reconsidered these motions, the parties' briefs and exhibits, and the full course of Honeywell's unprofessional discovery conduct, the Court orders

1

that Honeywell be prohibited from introducing the disputed evidence at the upcoming bench trial[1] and denies the motion for a continuance of the trial as moot.

On July 5, 2023, OPTO filed a motion requesting that the Court strike Honeywell's Second Amendments to OPTO's First Set of Interrogatories served on June 7, 2023, as untimely and unfair. On July 13, 2023 (following a lengthy Pretrial Conference and Hearing on July 11, 2023), the Court denied the motion to strike[2] with the exception that the Court found that it was required to address one of the "supplemented" interrogatory responses to prevent unfairness to OPTO. In response to Interrogatory 13, which asked Honeywell to "identify all patents, whether active or expired, owned by or assigned to Honeywell, that You contend claim decoding of PDF417, MicroPDF417, composite codes, or GS1 stacked codes by laser scanning," Honeywell modified its earlier response (which had only listed one patent and generally noted that Honeywell owns "thousands" of relevant patents) to identify over 100,000 pages of documents "from which additional responsive information may be ascertained." No specific additional patents were identified within the additional 100,000 pages. The Court easily determined that Honeywell's purported "supplementation" in this manner was "plainly unfair," violating both the letter and spirit of Rule 26(e). *See* Doc. No. 330.

Honeywell was ordered to identify to OPTO, on or before 5 p.m. on July 14, 2023, any specific patents in addition to the 7,159,783 Patent that it intended to offer at trial with respect to the subject of Interrogatory 13 (i.e. "patents that claim decoding of PDF417, MicroPDF417,

---

[1] Honeywell has only forecast its intent to use the patents in dispute in connection with the bench trial on patent misuse. If Honeywell seeks to use the patents at the jury trial it will similarly be barred from doing so.

[2] The Court's brief ruling as to most of the motion to strike focused on the lack of any need for the discovery responses to be struck because of the Court's other rulings on which claims could be presented at trial and the facial timeliness of the "supplemented" responses under the Court's Case Management Order.

composite codes, or GS1 stacked codes by laser scanning"). *Id*. In initially allowing Honeywell to rectify its inadequate responses, the Court expected that either Honeywell would not identify additional patents or any identification would be a *de minimis* burden on OPTO. But, Honeywell again dashed the Court's hopes for fair play. Shortly before 5 p.m. on July 14, 2023, Honeywell identified seven patents (with over 132 claims)[3] as responsive to Interrogatory 13. *See* Doc. No. 340.

The next day OPTO filed its motion for a continuance of the trial, arguing that it would be unfair to require it and the Court to prepare for trial on so many patents on such short notice. In response, Honeywell makes two arguments. First, Honeywell says that the subject of Interrogatory No. 13 – patents that claim "decoding of PDF417, MicroPDF417, composite codes, or GS1 stacked codes by laser scanning" – is "entirely irrelevant" to OPTO's patent misuse counterclaim and affirmative defense. Second, without even a modicum of contrition for its conduct, Honeywell claims that it "produced the patents" earlier in discovery and it was OPTO's fault, not Honeywell's, if OPTO was unprepared for trial.

The Court agrees with OPTO. As to Honeywell's first point – that the patents are allegedly irrelevant – Honeywell's obligation was to answer OPTO's discovery appropriately, regardless of its view of the relevancy of the subject matter of the Interrogatory. Indeed, Honeywell could have moved for relief from having to respond, but what it could not do was what it did – wait until the last business day before trial to give a meaningful response (other than identification of the '183 Patent) and even then only because the Court ordered it to do so. However, the asserted lack of

---

[3] After the Court required it to do so, Honeywell further identified on July 16, 2023, more than 20 specific independent claims in these seven patents that it intended to assert against OPTO in the bench trial. *See* Doc. No. 344.

relevance has one silver lining for Honeywell – it won't be prejudiced (in its own view)[4] by being prohibited from introducing the "irrelevant" patents into evidence.

Also, Honeywell's disingenuous attempts to deflect its plainly unprofessional discovery conduct continue to ring hollow to the Court. Honeywell misleadingly seeks to excuse its lack of any true response to OPTO's interrogatory by pointing to its production of literally "hundreds" of patents in fact discovery, all without any indication that apparently only seven of those patents were in fact responsive to Interrogatory 13. Further, notwithstanding the Court's earlier rejection of this specious argument, Honeywell again argues that its identification of "thousands" of patents buried among over 100,000 pages of documents on September 30, 2022, in response to OPTO's very different Interrogatory No. 1 (asking Honeywell to "[i]dentify all patents that You contend are licensed to OPTO under the Settlement Agreement") should be somehow exculpatory (which it is not). *See* Doc. No. 330 at p.11. Honeywell's other excuses that the patents were listed by its expert among "a large list" and identified as trial exhibits (again undifferentiated among dozens of other patents) fall similarly short of showing anything other than Honeywell's ongoing effort to obfuscate and obscure its intent to use these specific patents in defense of the patent misuse claim. In sum, the Court has seen enough of Honeywell's misdirection and lack of candor to OPTO and the Court to reach the inescapable conclusion that Honeywell's plan all along was to ambush OPTO at trial with the disputed patents. Therefore, the Court will order the only appropriate remedy for such conduct, which is to prohibit Honeywell from introducing the patents into evidence at trial.

---

[4] Of course, OPTO has a different position on the relevance of whether or not Honeywell has patents covering the symbologies in dispute, but the point is that Honeywell retains its primary arguments, even without the additional patents.

Having decided that Honeywell will not be permitted to rely on the patents that are the grounds for OPTO's motion to continue, there is no basis for the bench trial to be continued or for further discovery to be had on the patents. Accordingly, the Court will deny OPTO's motion to continue the trial as moot.

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendant's Motion to Strike Honeywell's Second Amended Objections and Responses to Defendant's First Set of Interrogatories (Doc. No. 307) is **GRANTED** as to Honeywell's response to Interrogatory 13;

2. Honeywell will not be permitted to introduce into evidence at trial the seven patents that it identified to OPTO on July 14, 2023, in response to the Court's Order dated July 13, 2023; and

3. Defendant's Motion to Continue the Patent Misuse Bench Trial and Reopen Discovery (Doc. No. 341) is **DENIED** as moot.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: July 18, 2023

Kenneth D. Bell
United States District Judge